UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAYYED RIZWAN RIZVI<br>A78 826 098<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL CHERTOFF, Director,<br>U.S. Department of Homeland Security,<br>RUTH DOROCHOFF, District Director,<br>Chicago District Office, U. S. Citizenship<br>& Immigration Services, and<br>ROBERT MUELLER, Director,<br>Federal Bureau of Investigations, and<br>JONATHAN SCHARFEN, Acting Director<br>of U.S. Citizenship & Immigration Services<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No.<br>)<br>)　**FILED: APRIL 24, 2008**<br>)　**08CV2339　　AEE**<br>)　**JUDGE DER-YEGHIAYAN**<br>)　**MAGISTRATE JUDGE NOLAN**<br>)<br>)<br>)<br>)<br>) |

## PETITION FOR WRIT OF MANDAMUS

Plaintiff, SAYYED RIZWAN RIZVI, by and through his own and proper person and through his attorneys KRIEZELMAN BURTON & ASSOCIATES, LLC, hereby petitions this Honorable Court for a Writ of Mandamus directing the U.S. Department of Homeland Security, U.S. Citizenship & Immigration Services (hereinafter "USCIS"), and the Federal Bureau of Investigations (hereinafter the "FBI") to adjudicate the application for naturalization and process any and all background checks pursuant to the same, and in support thereof, states as follows:

### I. INTRODUCTION

1. This is a civil action brought by Mr. Sayyed Rizwan Rizvi to compel the Defendants and those acting under them to take action on an application for naturalization (Form N-400)

1

filed by Mr. Rizvi with the USCIS/Department of Homeland Security and on which Defendants and those acting under them have failed to take timely action.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 (federal question) in conjunction with 28 U.S.C. section 1361 (mandamus), the Administrative Procedure Act (APA) (5 U.S.C. § 555(b)), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the CFR).

3. Under 28 U.S.C. section 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. section 1331 because this action arises under the Administrative Procedure Act (APA) (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4. Under 28 U.S.C. section 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. The APA requires USCIS and the FBI to carry out their duties within a reasonable time. The provision of the APA that provides this is 5 U.S.C. section 555(b), which states, "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS and FBI are subject to 5 U.S.C. section 555(b). Mr. Rizvi contends that the delays in processing his application for naturalization are unreasonable.

6. Both the regulations and the INA provide numerous examples of duties owed by the USCIS in the naturalization process. 8 U.S.C. section 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added). The INA states that the employee designated to conduct an examination on a naturalization application "*shall* make a determination as to whether the application should be granted or denied, with reasons therefor." 8 U.S.C. § 1446(d) (emphasis added). The statute directs what shall and shall not be considered as proof of good moral character in an applicant for naturalization. 8 U.S.C. § 1427(d). It determines what the Attorney General shall consider as a break in continuous residency. 8 U.S.C. § 1427(b). It directs the Attorney General as to when he shall and shall not consider an application and what shall meet the burden of proof in establishing alien was lawfully admitted to the United States. 8 U.S.C. § 1429. The regulations, promulgated by the agency itself, state, "The Service officer *shall* grant the application if the applicant has complied with all requirements for naturalization under this chapter." 8 C.F.R. § 335.3(a) (emphasis added). The statute also directs that an employee "of the United States, as so delegated by the AG, *shall* conduct a personal investigation of the person applying for naturalization…" 8 U.S.C. § 1446. The Attorney General has delegated this duty to the FBI. *See* 8 C.F.R. § 335.2(b).

7. The language of the statute and these regulations are mandatory, not discretionary, and requires the Defendant to adjudicate naturalization applications. USCIS has a mandatory duty to adjudicate applications and jurisdiction thus vests in mandamus before this Court. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002). Further, the FBI is likewise obligated to

carry out its duties in an expeditious fashion. Further, because USCIS and the FBI have a duty to adjudicate the application, Mr. Rizvi has a correlative right to have his application adjudicated.

8. Venue of this action is proper under 28 U.S.C. section 1391(e)(3). Mr. Rizvi resides in DuPage County, Illinois. Further, the Defendants maintain offices in this district and the USCIS Office in this district is adjudicating Mr. Rizvi's application.

### III. PARTIES

9. SAYYED RIZWAN RIZVI is a native and citizen of India. He entered the United States in 1997 and obtained his lawful permanent resident status in 2001.

10. Defendant, JONATHAN SCHARFEN, is sued in his official capacity. He is the Acting Director of USCIS. As such, he is charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS. On November 25, 2002, the President signed into law the Homeland Security Act of 2002 (Pub. L. No. 107-296), which created the new Department of Homeland Security (DHS). Pursuant to the provisions of the Homeland Security Act, DHS came into existence on January 24, 2003. As provided by the Homeland Security Act and by the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified, the functions of the Immigration and Nationality Service (INS) of the Department of Justice, and all authorities with respect to those functions, transferred to DHS on March 1, 2003, and the INS was abolished on that date. The transition and savings provisions of the Homeland Security Act, including sections 1512(d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS.

11. Defendant, RUTH DOROCHOFF, is sued in her official capacity. She is the Chicago District Director of USCIS. As such, she is the Attorney General's designate for the Chicago District, charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS.

12. Defendant MICHAEL CHERTOFF, the Secretary for the Department of Homeland Security, is being sued in his official capacity only. Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Chertoff, through his delegates, has authority to adjudicate naturalization applications filed with the United States Citizenship and Immigration Services.

13. Defendant ROBERT MUELLER is sued in his official capacity only, as director of the FBI. The FBI is responsible for the proper background clearance conducted on each applicant for naturalization.

## IV. FACTS

14. Sayyed Rizwan Rizvi is a citizen and native of India, born on September 21, 1973. He entered the United States on or about October 2, 1997.

15. Mr. Rizvi was granted conditional permanent residency on or about April 2, 2001.

16. On or about June 12, 2006, the conditions on Mr. Rizvi's residency were removed by an Immigration Judge.

17. Mr. Rizvi filed an application for naturalization on August 14, 2006. He was residing in New Jersey at the time, and therefore filed his application at the Vermont Service Center of USCIS. He submitted his fingerprints through attendance at a biometrics appointment a short time later.

5

18. Mr. Rizvi received a letter from USCIS setting an examination, or interview, on the naturalization application on or about November, 2006. A short time before the interview, Mr. Rizvi received a letter notifying him that the interview was cancelled and would be rescheduled for a later date.

19. On November 9, 2006, Mr. Rizvi was issued a second appointment notice by USCIS, this time setting the interview on the application for the date of January 10, 2007.

20. On December 6, 2006, Mr. Rizvi received a letter from USCIS notifying him that the interview set for January 10, 2007, was cancelled due to "unforeseen circumstances" and that he would be notified of further action taken, including rescheduling of the interview.

21. By June, 2007, Mr. Rizvi had sent at least three requests for the interview to be rescheduled.

22. In or about September, 2007, Mr. Rizvi moved to Lombard, Illinois. He requested multiple times that his file be transferred to the Chicago District Office of USCIS due to his new residence. *See* 8 C.F.R. § 335.9(a). Upon information and belief, the file has been transferred to the Chicago District Office.

23. Mr. Rizvi has conducted numerous inquiries upon his case and additionally has asked that he be scheduled for an interview, to no avail.

## V. REQUEST FOR RELIEF

24. The allegations contained in paragraphs 1 through 22 above are repeated and re-alleged as though fully set forth herein.

25. Mr. Rizvi has complied with all of the requirements for filing his application for naturalization.

26. The Defendants have willfully and unreasonably delayed and have refused to adjudicate the N-400 application for naturalization.

27. The delay in adjudicating the application is not attributable to Mr. Rizvi.

28. The Defendants owe Mr. Rizvi a duty to adjudicate the naturalization application and have unreasonably failed to perform that duty.  This duty is owed under the Immigration & Nationality Act and its implementing regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

29. The delay is unreasonable per se.

30. Alternatively, or in addition thereto, the delay is unreasonable in light of USCIS estimated processing times and press releases which claim improved processing times and increased efficiency, and which further indicate that naturalization applications can be processed in less time now than in prior years.

31. The delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of Mr. Rizvi's inquiries on his application.

32. By making numerous inquiries on the status of the application, Mr. Rizvi has exhausted any and all administrative remedies that may exist.  No other remedy exists to resolve Defendants' delay and lack of ability or willingness to adjudicate Mr. Rizvi's application for adjustment of status.

WHEREFORE, and in light of the foregoing, Plaintiff SAYYED RIZWAN RIZVI, prays that this Honorable Court:

A. Assume jurisdiction herein;

B. Compel the Defendants and those acting under them to perform their duty or duties to adjudicate Plaintiff's pending application for naturalization (Form N-400);

C. Compel the Federal Bureau of Investigation, if necessary, to complete background check processing, including name checks;

D. Grant such other and further relief, as the Court deems appropriate and just.

Dated: Chicago, Illinois  
       April 24, 2008

Respectfully Submitted,  
SAYYED RIZWAN RIZVI

By: _s/ Erin C. Cobb_____  
One of his attorneys

Erin C. Cobb, Esq.  
KRIEZELMAN BURTON & ASSOCIATES, LLC  
20 North Clark Street, Suite 725  
Chicago, Illinois 60602  
(312) 332-2550  
ecobb@krilaw.com  
Atty No. 6289242

## **VERIFICATION**

I, Erin C. Cobb, under penalty of perjury, state the following:

1. I am an attorney admitted to practice before this Court. I am an associate in the firm of Kriezelman Burton & Associates, LLC, the attorneys for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with the Plaintiff.

Dated: Chicago, Illinois
April 1, 2008

\_\_s/ Erin C. Cobb_____
Erin C. Cobb
#6289242